# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| MOSES BALL and BRENDA BALL, * <br> Parents and Natural Guardians of * <br> M.B., a minor, * <br> * <br> Petitioners, * <br> * <br> v. * <br> * <br> SECRETARY OF HEALTH * <br> AND HUMAN SERVICES, * <br> * <br> Respondent. * | No. 20-547V <br><br><br> Special Master Christian J. Moran <br><br><br> Filed: March 3, 2025 |

* * * * * * * * * * * * * * * * * * * * * * *

<u>Robert Joel Krakow</u>, Law office of Robert J. Krakow, P.C., New York, NY, for petitioner;

<u>Camille Michelle Collett</u>, United States Dep't of Justice, Washington, DC, for respondent.

### **UNPUBLISHED DECISION DENYING COMPENSATION**[1]

Moses and Brenda Ball ("petitioners") alleged that the Hepatitis A vaccine and polio vaccine their child M.B. received on May 5, 2017 caused M.B. to suffer from Tourette syndrome. On February 28, 2025, petitioners moved for a decision dismissing their petition.

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

I. **Procedural History**

Petitioners filed a petition for compensation on May 4, 2020, alleging that the Hepatitis A vaccine and polio vaccine their child M.B. received on May 5, 2017 caused M.B. to suffer from Tourette syndrome 13 days later. Pet. at 2; Am. Pet. at 2. They filed medical records and affidavits over the next few months.

The Secretary filed his Rule 4(c) report on January 17, 2024, contesting entitlement. The Secretary argued that petitioners had not provided preponderant evidence satisfying causation of the Althen prongs between M.B.'s condition and any of the vaccines. Resp't's Rep. at 12. Further, the Secretary noted that petitioners had not submitted an expert report in support of their claim, nor other reliable medical evidence from M.B.'s medical records supporting causation sufficient to meet their burden of proof. Id.

The undersigned issued an order for petitioners to file their expert report by June 28, 2024. On June 28, 2024, petitioners filed a status report advising that petitioners were unable to obtain an expert report and requested 30 days to decide how to proceed. After submitting four additional status reports advising that petitioners were still deciding how to proceed, the undersigned issued an order to show cause to be submitted by January 10, 2025. Petitioners responded to the order to show cause with a status report indicating that they would proceed by filing a motion to dismiss. Pet'rs' Status Rep., filed Jan. 13, 2025.

II. **Analysis**

To receive compensation under the National Vaccine Injury Compensation Program ("Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, petitioners filed medical records and an affidavit. Nonetheless, petitioners wish to have their claim dismissed and judgment entered against them.

2

Petitioners filed their dismissal pursuant to 42 U.S.C. § 300aa-21(a)(2).  Pet'rs' Mot., filed Feb. 28, 2025 at 2.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law."  For causation-in-fact cases, the Federal Circuit has defined elements of a petitioner's claim.  Petitioners bear a burden to show by a preponderance of the evidence that the vaccination brought about their injury by providing:

> (1) a medical theory causally connecting the vaccination and the injury;
> (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and
> (3) a showing of a proximate temporal relationship between vaccination and injury.

<u>Althen v. Sec'y of Health & Hum. Servs.</u>, 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Petitioners did not propose a medical theory casually connecting the vaccinations with the injury.  Petitioners stated that they could not produce a report from a medical expert and after an "investigation of the facts and available science supporting the petitioners' case has demonstrated to petitioners that they will be unable to prove that they are entitled to compensation under the Vaccine Injury Compensation Program."  Pet'rs' Mot., filed Jan. 30, 2025 at 1.  Petitioners have therefore not met their burden under <u>Althen</u>.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof.  The Clerk shall enter judgment accordingly.**  <u>See</u> Vaccine Rule 21(b).

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u><br>
Christian J. Moran<br>
Special Master